ON APPLICATION FOR REHEARING
McMILLAN, Judge.
This court’s opinion dated April 11, 1991, is withdrawn and the following is substituted therefor.
A jury found the appellant guilty of selling cocaine, in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment in the State penitentiary and was ordered to pay a fine of $1,000.00, a Crime Victims’ Compensation Fund assessment of $25.00, and court costs.
The evidence tended to show that during July and August 1989, law enforcement officials were conducting an undercover drug operation in Conecuh County. On July 21, 1989, a State drug enforcement agent went with an attorney general’s aide and a sheriff’s deputy to McCreary’s Disco Bar in Evergreen. The agent testified that about 9:45 p.m. he saw a large black man in the parking lot, repeatedly opening the trunk of his car and exchanging something he retrieved from the trunk for money with a lot of people. The agent used his “contact” to introduce the man to the agent, and the man sold the agent a “rock” of cocaine for $50.00. He testified on cross-examination that the actual sale took place at 12:03 a.m. on July 22, 1989. The agent identified the defendant as the man who had sold him the cocaine. He also testified that on August 4,1989, he was again at the bar and saw the defendant, who on that occasion identified himself to the agent as “Theodore Taylor,” gave his residence as Perdue Hill, and gave his mother’s name as a contact.
The State called to the stand the agent’s contact, who testified to introducing the defendant to the agent. The State also called the attorney general’s aide, who substantially corroborated the agent’s testimony. The next witness was the sheriff’s deputy, who testified that he had received a clear plastic container of a “rock substance” from the undercover agent. Subsequently, he said, he took the container to the Alabama Department of Forensic Sciences, where an expert identified the substance as cocaine. The deputy testified that, by mistake, he had written July 28 on the manila envelope into which he had placed the container, although he had in fact received it shortly after midnight on July 22. He said that he had not altered the inaccurate date because he did not want to make the envelope look suspicious.
The defense presented the testimony of four character witnesses and of the defendant. He stated that he had not driven the type of car used in the sale in the last two or three years and that he was not the man dealing drugs at the bar. He said he had never seen the undercover agent or the aide before, and he denied selling drugs to the agent on July 21, July 22, or August 4.
In rebuttal, the State recalled the agent, who testified that on August 4, 1989, he and his chief investigator went to the parking lot of the bar and bought a $100.00 piece of rock cocaine from the defendant. He said that the defendant told him he was tired of selling on the streets and could put together a two-ounce cocaine sale.
The defendant appeals, contending that the trial court erred in denying his motion for mistrial, based on his learning during the trial that the prosecutor had mistakenly given him in discovery the date July 28, 1989, as the date of the cocaine sale, rather than the correct date, July 22, 1989. He argues that his defense of misidentification and mistake was prejudiced because, he says, he relied on the date furnished. The record indicates that the indictment did not specify a date. The trial transcript reveals the following:
“[The prosecutor]: I don’t see him showing one bit of prejudice to him about the mistake in the date. ... [W]hat defense would he have had on the 28th that he wouldn’t have had on the 22nd?
“[The defendant’s attorney]: It very often would affect his ability to get up witnesses that might have been present on the 28th that would not even have been talked to about the 21st or 22nd. You don’t know what—
*253 “[The prosecutor]: He can’t say what he very often could, Judge. He’s got to tell you in this particular case how it’s prejudiced him—
“THE COURT: I sort of expect to see a bunch of witnesses sitting out there, at least one, saying I was with him on the 28th and he didn’t sell any cocaine that night.
“[The defendant’s attorney]: Judge, we’ve got some in the witness room.” The defendant’s motion for mistrial was
denied. The defendant argues that his witnesses were prepared to testify that they were with him on July 28; that these witnesses were rendered useless because of the incorrect date; and that he detrimentally relied on that date in obtaining witnesses.
It is undisputed that, prior to trial, the appellant was given the wrong date on which the drugs were allegedly sold prior to trial. Under the rules of discovery, the State had a duty to correct the false information that had been given to the defense, once the State realized that the date was wrong, pursuant to its continuing duty to disclose. Rule 18.3, A.R.Crim.P.Temp. Under this rule, there is an affirmative duty to continue to disclose. Peal v. State, 491 So.2d 991 (Ala.Cr.App.1985). Because of the prejudice suffered by the appellant in relying on the false information given by the State and because the State should have informed the appellant that the date was incorrect once it was aware of the error, the appellant’s motion for mistrial should have been granted. Therefore, the judgment is due to be reversed and the cause remanded to the trial court.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
AH Judges concur.